# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BIOTE MEDICAL, LLC, | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 4:18-cv-866 |
| v. | § | Judge Mazzant |
| | § | |
| KENT JACOBSEN, et al. | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court are Plaintiff's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss and Brief in Support (Dkt. #157) and Third-Party Defendants' Rule 12(b)(1), 12(b)(2), and 12(b)(6) Motion to Dismiss and Brief in Support (Dkt. #162).  After consideration, the Court is of the opinion that the motions should be **DENIED**.

## BACKGROUND

### I.      Factual Summary

Plaintiff BioTE provides hormone replacement therapy to individuals who experience hormonal imbalances in their body through a method called Pellet Therapy, which inserts hormone pellets into the subcutaneous fat layer of the patient through an incision.  BioTE's Pellet Therapy uses BioTE's custom and proprietary hormone pellet formula ("BioTE Formula"), which utilizes bio-identical and natural ingredients that maintain a patient's hormone levels throughout the day.

On December 13, 2018, BioTE filed the present action in United States District Court for the Eastern District of Texas (Dkt. #1) against Evexias/Farmakeio Defendants[1] and Individual

---

[1] The Evexias/Farmakeio Defendants include: Kent Jacobson, Jeni Guinn, Daniel D. DeNeui, Terri J. DeNeui, Jeff DeNeui, Dustin C. DeNeui, John Thomas, MD, Gunter Mueller, Dan Mikals, Lisa Mikals, Wendy Sandoval, Nicole Turcotte, Justin Graves, Robert Alan Harris, Martin Groves, Neal Rouzier, MD, Forget About It, Inc., Evexias Health Solutions, LLC, EvexiPEL, a Division of Evexias Health Solutions, LLC, Evexias Holding Co, Evexias HRT, LLC

Defendants[2] (Evexias/Farmakeio Defendants and Individual Defendants are referred to collectively as "Defendants").  BioTE alleges that Defendants are: (1) unlawfully manufacturing and selling unapproved new drugs under the false guise that they are engaged in lawful "compounding;" and (2) engaging in false and misleading advertising and promotion of their unapproved new drugs, in violation of Section 43 of the Lanham Act, codified at 15 U.S.C. § 1125(a)(1)(B).  BioTE also alleges that Defendants conducted and continue to conduct their business through legitimate and illegitimate means in the form of an association-in-fact enterprise, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. § 1961 (2018).  The following is a summary of BioTE's allegations:

  a. That Defendants misrepresented, in their marketing and advertising materials, that Defendant EvexiPEL had developed a proprietary hormone replacement pellet, when it had not;
  b. That Defendants misrepresented, in their marketing and advertising materials, that Defendant Terri DeNeui had participated in the development of the allegedly proprietary hormone pellet; when she had not and when she could not legally do so;
  c. That Defendants misrepresented, in their marketing and advertising materials, that providers and patients would have access to the exclusive EvexiPEL Pellet; when no such pellet existed;
  d. That Defendants misrepresented, in their marketing and advertising materials, that Defendant Farmakeio had a federally required 503B "registration pending"; when there is no such thing and no paperwork for any such registration had been submitted;
  e. That Defendants misrepresented, in their marketing and advertising materials, that the EvexiPEL Pellet "has been shown to produce better outcomes for patients too"; when there was nothing that showed any such thing;
  f. That Defendants misrepresented, in their marketing and advertising materials, that the EvexiPEL Pellets with Triamcinolone resulted in far fewer extrusions; when there was no substantiating unbiased, viable "study" or even retrospective chart analysis to back it up, or even attempted;

---

f/k/a Hormonal Health and Wellness Centers, LLC, Evexias Medical Centers, PLLC f/k/a Terri Suresh ACNP, PLLC a/k/a Hormonal Health Wellness & Skin Center a/k/a Hormonal Health Wellness and Aesthetics Center a/k/a Hormonal Health & Wellness, Evexias Management, LLC, Evexias Metrita-Columbia, LLC, Evexias-Anthem Columbia, LLC, Evexias-Anthem Alaska, LLC, North American Custom Laboratories, LLC a/k/a Farmakeio, Farmakeio Nutraceuticals, LLC, Farmakeio Outsourcing, LLC, and Nilus, LLC.

[2] The Individual Defendants include: Mark Burns, Jeff Hill, Dominic Verrilli, Kimberley Meegan, Andrea Jones

g.  That Defendants misrepresented, in their marketing and advertising materials, that the EvexiPEL Pellets with Triamcinolone resulted in far fewer boosts; when there was no substantiating study, or even a retrospective chart analysis to back it up, or even attempted];

h.  That Defendants misrepresented, in their marketing and advertising materials, that the EvexiPEL Pellets with Triamcinolone resulted in quicker absorption; when there was no substantiating study, or even a retrospective chart analysis to back it up, or even attempted;

i.  That Defendants misrepresented, in their marketing and advertising materials, that the EvexiPEL Pellets with Triamcinolone resulted in more consistent absorption; when there was no substantiating study, or even a retrospective chart analysis to back it up, or even attempted;

j.  That Defendants misrepresented, in their marketing and advertising materials, that the EvexiPEL Pellets with Triamcinolone resulted in increased patient satisfaction; when there was no substantiating study, or even a retrospective chart analysis to back it up, or even attempted;

k.  That Defendants misrepresented, in their marketing and advertising materials, that the EvexiPEL Pellets with Triamcinolone resulted in increased practitioner satisfaction; when there was no substantiating study, or even a retrospective chart analysis to back it up, or even attempted;

l.  That Defendants misrepresented, in their marketing and advertising materials, that Farmakeio was "a leading pharmacy in the U.S."; when it had just been formed and started operating;

m.  That Defendants misrepresented, in their marketing and advertising materials, that Dan DeNeui and Terri DeNeui are "founders" of BioTE Medical when neither have ever owned an interest in the company and it was formed and operating before either of them ever associated with it.

(Dkt. #142 at p. 2–3).

On September 13, 2019, Evexias/Farmakeio Defendants filed their answer to BioTE's complaint and their affirmative defenses, counterclaims, and third-party claims (Dkt. #151) ("Counterclaim and Third-Party Complaint").  Specifically, in the Counterclaim and Third-Party Complaint, Evexias/Farmakeio Defendants asserted a counterclaim against BioTE for invasion of privacy (Dkt. #151).  Moreover, Evexias/Farmakeio Defendants asserted claims against Third-Party Defendants[3] for tortious interference with prospective and continuing business relations; business disparagement and defamation; and for conspiracy to accomplish the same (Dkt. #151).

---

[3] The Third-Party Defendants include: Gary Donovitz, Mark Hincher, Terry Weber, Cory Rice, Mark Orr, and Amy Pitarra.

## II.        Procedural History

On October 22, 2019, BioTE filed a 12(b)(1) and 12(b)(6) motion to dismiss the Counterclaim and Third-Party Complaint (Dkt. #157).   On January 9, 2020, the Evexias/Farmakeio Defendants filed a response (Dkt. #168).  On January 24, 2020, BioTE filed a reply (Dkt. #174).

On December 6, 2019, Third-Party Defendants filed a 12(b)(1), 12(b)(2), and 12(b)(6) motion to dismiss the Counterclaim and Third-Party Complaint (Dkt. #162).  On January 9, 2020, Evexias/Farmakeio Defendants filed a response (Dkt. #170).  On January 24, 2020, Third-Party Defendants filed a reply (Dkt. #174).

## LEGAL STANDARD

## I.        12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case.  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts."  *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).  The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff.  *Truman v. United States*, 26

F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

## II.     12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)).

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a *prima facie* case supporting jurisdiction." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists." *Id.* (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 161, 1067 (5th Cir. 1992)). However, if the court holds an evidentiary hearing on the question of personal jurisdiction, a plaintiff "must establish jurisdiction by a preponderance of the admissible evidence." *In re Chinese-Manufactured Drywall Prods. Liab. Lit.*, 742 F.3d 576, 585 (5th Cir. 2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008)).

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993).  First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant.  *Id.*  And second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution.

The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution.  *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992).  Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees.  *Bullion*, 895 F.2d at 216.  The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established certain minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction.  *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State."  *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).  "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed."  *Johnston v. Multidata*

*Sys. Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008) (citing *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1992)). However, only in an "exceptional case" could a plaintiff assert general jurisdiction over a party in a forum outside of its domicile, place of incorporation, or principal place of business. *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 234 (5th Cir. 2016) (citations and quotation omitted). Finding general jurisdiction where an individual or company is outside of its domicile, place of incorporation, or principal place of business requires a showing of a defendant's substantial, continuous, and systematic contact with the forum. *See Johnston*, 523 F.3d at 609. And "vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Id.* at 610 (citing *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999)).

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros*, 466 U.S. at 414 n.8. For the court to exercise specific jurisdiction, the court must determine "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). "[T]he court must separately consider specific jurisdiction for each claim that arises from different forum contacts." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 198 n.16 (5th Cir. 2019) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006)).

Defendants who "'reach out beyond one state' and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state

for consequences of their actions." *Burger King Corp.*, 471 U.S. at 475 (citing *Travelers Health Assoc. v. Virginia*, 339 U.S. 643, 647 (1950)).  Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *Id*.  Rather, the specific-jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citation and quotations omitted).  "For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear*, 564 U.S. at 919).  Further, "a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." *Id.* (alteration in original) (quoting *Walden*, 571 U.S. at 286).

"If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth*, 472 F.3d at 271.  In this inquiry, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies.  *Burger King Corp.*, 471 U.S. at 477.  "It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

## II.      12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Each

claim must include enough factual allegations "to raise a right to relief above the speculative level."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims

or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted).  This

evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting

*Twombly*, 550 U.S. at 570).

## ANALYSIS

BioTE and Third-Party Defendants seek dismissal of the Counterclaim and Third-Party

Complaint (Dkt. #151) on the grounds that (i) the Court lacks subject matter jurisdiction over the

Evexias/Farmakeio Defendants' counterclaim and third-party claims, and (ii) the

Evexias/Farmakeio Defendants' counterclaim and third-party claims fail to state a claim upon

which relief can be granted.  Third-Party Defendants also seek dismissal on the ground that the

Court lacks personal jurisdiction over three of the Third-Party Defendants—Mr. Hincher, Mr. Orr,

and Ms. Pitarra.  The Court addresses each argument in turn.

## I.  The Court has Supplemental Jurisdiction Over Evexias/Farmakeio Defendants' Counterclaim and Third-Party Claims

BioTE and Third-Party Defendants assert that there is no original or supplemental subject

matter jurisdiction over Evexias/Farmakeio Defendants' counterclaim and third-party claims.

Section 1367—the supplemental-jurisdiction statute—states:

> [I]n any civil action of which the district courts have original jurisdiction, the
> district courts shall have supplemental jurisdiction over all other claims that are so
> related to claims in the action within such original jurisdiction that they form part
> of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  Supplemental claims form part of the same case or controversy as the original

claims when they "derive from a common nucleus of operative fact."  *Mendoza v. Murphy*, 532

F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)); *Obey v. Frisco Med. Ctr. L.L.P.*, No. 4:13-cv-656, 2015 WL 150921, at *4 (E.D. Tex. Jan. 7, 2015).

BioTE and Third-Party Defendants argue that Evexias/Farmakeio Defendants' counterclaim and third-party claims do not share a common nucleus of operative fact with BioTE's claims.  The Court disagrees.

### A.  Tortious Interference, Business Disparagement and Defamation, and Conspiracy

BioTE states in its motion to dismiss (Dkt. #157) that the "transaction or event" that forms the basis of its claims against Evexias/Farmakeio Defendants is their allegedly "false and misleading marketing campaign."   BioTE's claim is essentially that Evexias/Farmakeio Defendants have unlawfully manufactured and sold certain unapproved drugs under the false guise that they are engaged in "compounding" and that they have engaged in false and misleading advertising and promotion of those unapproved new drugs.  Evexias/Farmakeio Defendants' assert third-party claims against Third-Party Defendants, who are or were affiliated with or representatives of BioTE, claiming that BioTE's claims against them are really just concocted attempts to stomp out fair, legitimate competition by intimidating, disparaging, and defaming them and destroying their business and other commercial relationships.

In this sense, the claims that Evexias/Farmakeio Defendants make against Third-Party Defendants arise directly out of BioTE's initial claims—the "anchor" claims.  The third-party claims and BioTE's initial claim share a common nucleus of operative fact because the factual matter that BioTE will use to develop its claims is directly pertinent to Evexias/Farmakeio Defendants' third-party claims, and vice versa.  That is, any tendency that those facts have to corroborate BioTE's claims will have a corresponding tendency to make Evexias/Farmakeio

11

Defendants' third-party claims less plausible; conversely, the more those facts support Evexias/Farmakeio Defendants' third-party claims, the less likely BioTE's claims become.

To be sure, development of Evexias/Farmakeio Defendants' third-party claims might require some additional or different facts than BioTE's claims, but ultimately BioTE's federal claims and Evexias/Farmakeio Defendants' state law claims concern the same general factual issue: whether Evexias/Farmakeio Defendants have indeed engaged in the unlawful acts alleged, or whether BioTE has brought those claims simply for the purposes of defaming and disparaging Evexias/Farmakeio Defendants and to destroy legitimate competition in the market.  Because those issues could ordinarily be expected to be tried together in the same litigation, the Court has supplemental jurisdiction over Evexias/Farmakeio Defendants' state law claims.

Even when the Court is authorized to exercise supplemental jurisdiction, however, Section 1367 gives the Court discretion to decline to do so when:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

After evaluating these factors, the Court will not use its discretion to decline to exercise supplemental jurisdiction.  None of the statutory factors apply here; nor does either party devote any meaningful time in its brief to arguing that they do.  Accordingly, the Court has supplemental jurisdiction over Evexias/Farmakeio Defendants' third-party claims against Third-Party Defendants for tortious interference, business disparagement and defamation, and conspiracy.

12

### B. Invasion of Privacy

Similarly, the Court is satisfied that Evexias/Farmakeio Defendants' counterclaim against BioTE for invasion of privacy shares a common nucleus of operative fact with BioTE's initial Lanham Act and RICO claims.

The thrust of BioTE's original claim against Evexias/Farmakeio Defendants, and in particular its Lanham Act claim, is that Evexias/Farmakeio Defendants used "false or misleading descriptions of fact and false or misleading representations of fact in their commercial advertising or promotion that misrepresent the nature, characteristics, [or] qualities of their business practices and their products" (Dkt. #1). Evexias/Farmakeio Defendants' counterclaim that in these commercial advertising and promotion materials, BioTE "appropriated [] T. DeNeui's likeness for the value associated with it" and "received some advantage or benefit from its appropriation" (Dkt. #151). That is, the very commercial advertising and promotion materials that are central to BioTE's Lanham Act claim are also central to Evexias/Farmakeio Defendants' counterclaim. The claims therefore share a common nucleus of operative fact since they will involve at least some of the same factual development.

Finally, the Court will not use its discretion to decline to exercise supplemental jurisdiction over Evexias/Farmakeio Defendants' counterclaim. None of the statutory factors apply here; nor does either party devote any meaningful time in its brief to arguing that they do. Accordingly, the Court has supplemental jurisdiction over Evexias/Farmakeio Defendants' counterclaim for invasion of privacy.

## II. Evexias/Farmakeio Defendants Pleaded Sufficient Facts to Support Their Counterclaim and Third-Party Claims

After reviewing Evexias/Farmakeio Defendants' Counterclaim and Third-Party Complaint and the above-described motions to dismiss, the Court finds that Evexias/Farmakeio Defendants

have stated a plausible counterclaim and plausible third-party claims for purposes of defeating a Rule 12(b)(6) motion to dismiss.

## III.     Personal Jurisdiction

Third-Party Defendants claim that the Court lacks personal jurisdiction over Mr. Hincher, Mr. Orr, and Ms. Pitarra, none of whom are residents of Texas.

The Court does not have sufficient information at this time to make a determination as to whether Mr. Hincher, Mr. Orr, or Ms. Pitarra have sufficient contacts with the state of Texas for purposes of establishing specific jurisdiction.  Mr. Hincher, Mr. Orr, and Ms. Pitarra are all nonresidents who have traveled to Texas on multiple occasions, but the Court requires further briefing on the issue whether their relationships with Texas sufficiently relate to the present litigation.  Indeed, Third-Party Defendants devote just two pages in their motion to dismiss to arguing that the Court does not have personal jurisdiction over Mr. Hincher, Mr. Orr, and Ms. Pitarra, and Evexias/Farmakeio Defendants devote only two-and-a-half pages in their response to arguing that it does.

Accordingly, the Court authorizes jurisdictional discovery for purposes of determining whether personal jurisdiction exists over Mr. Hincher, Mr. Orr, and Ms. Pitarra.  To the extent the parties still dispute personal jurisdiction following that discovery, the parties may file further motions and briefing with the Court.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss and Brief in Support (Dkt. #157) and Third-Party Defendants' Rule 12(b)(1), 12(b)(2), and 12(b)(6) Motion to Dismiss and Brief in Support (Dkt. #162) are hereby **DENIED**.

It is further **ORDERED** that Evexias/Farmakeio Defendants are authorized to conduct discovery as to the issue of specific personal jurisdiction over Mr. Hincher, Mr. Orr, and Ms. Pitarra and to refile a 12(b)(2) motion to dismiss if personal jurisdiction is still at issue at that time.

**SIGNED this 1st day of June, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE