# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | § | |
|---|---|---|
| BIOTE MEDICAL, LLC, | § | |
| | § | |
| v. | § | Civil Action No.  4:18-cv-866 |
| | § | Judge Mazzant |
| KENT JACOBSEN, et al. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff BioTE Medical, LLC and Third-Party Defendants' Motion for Summary Judgment as to Defendants' Counterclaims (Dkt. #211).  Having considered the Motion and briefing, the Court finds the Motion should be **DENIED**.

### BACKGROUND

Plaintiff BioTE Medical, LLC ("BioTE") provides hormone replacement therapy to individuals who experience hormonal imbalances in their body through a method called Pellet Therapy, which inserts hormone pellets into the subcutaneous fat layer of the patient through an incision.  BioTE's Pellet Therapy uses BioTE's custom and proprietary hormone pellet formula, which relies on bio-identical and natural ingredients to maintain a patient's hormone levels throughout the day.

On December 13, 2018, BioTE sued Evexias/Farmakeio Defendants[1] and Individual Defendants[2] (Dkt. #1).  BioTE allege Defendants are: (1) unlawfully manufacturing and selling

---

[1] The Evexias/Farmakeio Defendants include: Kent Jacobson, Jeni Guinn, Daniel D. DeNeui, Terri J. DeNeui, Jeff DeNeui, Dustin C. DeNeui, John Thomas, MD, Gunter Mueller, Dan Mikals, Lisa Mikals, Wendy Sandoval, Nicole Turcotte, Justin Graves, Robert Alan Harris, Martin Groves, Neal Rouzier, MD, Forget About It, Inc., Evexias Health Solutions, LLC, EvexiPEL, a Division of Evexias Health Solutions, LLC, Evexias Holding Co, Evexias HRT, LLC f/k/a Hormonal Health and Wellness Centers, LLC, Evexias Medical Centers, PLLC f/k/a Terri Suresh ACNP, PLLC a/k/a Hormonal Health Wellness & Skin Center a/k/a Hormonal Health Wellness and Aesthetics Center a/k/a Hormonal Health & Wellness, Evexias Management, LLC, Evexias Metrita-Columbia, LLC, Evexias-Anthem Columbia, LLC, Evexias-Anthem Alaska, LLC, North American Custom Laboratories, LLC a/k/a Farmakeio, Farmakeio Nutraceuticals, LLC, Farmakeio Outsourcing, LLC, and Nilus, LLC.

[2] The Individual Defendants include: Mark Burns, Jeff Hill, Dominic Verrilli, Kimberley Meegan, Andrea Jones

unapproved new drugs under the false guise that they are engaged in lawful "compounding"; and (2) engaging in false and misleading advertising and promotion of their unapproved new drugs, in violation of Section 43 of the Lanham Act, codified at 15 U.S.C. § 1125(a)(1)(B). BioTE also alleges Defendants conducted and continue to conduct their business through legitimate and illegitimate means in the form of an association-in-fact enterprise, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. § 1961 (2018).

## II.   Procedural History

On September 13, 2019, Evexias/Farmakeio filed an Answer and asserted affirmative claims against BioTE and third parties[3] (Dkt. #151).

On September 30, 2020, BioTE and Third-Party Defendants filed their Motion for Summary Judgment as to Evexias/Farmakeio's Counterclaims and a supporting Supplemental Motion (Dkt. #211, #213). On October 21, Evexias/Farmakeio responded (Dkt. #221).

### LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

---

[3] The third-party claims are against Gary Donovitz, M.D. ("Donovitz"), Mark Hincher ("Hincher"), Terry Weber ("Weber"), Cory Rice ("Rice"), Mark Orr ("Orr"), Amy Pitarra ("Pitarra").

The party seeking summary judgment bears the initial burden of informing the Court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

BioTE and Third-Party Defendants move for summary judgment on Evexias/Farmakeio's counterclaims. The Court notes that Evexias/Farmakeio "elect not to continue pursuing the tortious interference claims and comments made by Donovitz and Hincher." (Dkt. #221 at p. 4). After a careful review of the record and the arguments presented, the Court is not convinced that BioTE and Third-Party Defendants have met their burden demonstrating that there is no material issue of fact as to these claims entitling it to judgment as a matter of law. Accordingly, the Court finds that the motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff BioTE Medical, LLC and Third-Party Defendants' Motion for Summary Judgment as to Defendants' Counterclaims (Dkt. #211) is hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 10th day of November, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE