# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BIOTE MEDICAL, LLC, | § |
| | § |
| v. | § Civil Action No. 4:18-cv-866 |
| | § Judge Mazzant |
| KENT JACOBSEN, et al. | § |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Evexias/Farmakeio Defendants' Motion to Strike Experts and Exclude Evidence (Dkt. #197). Having considered the Motion and briefing, the Court finds the Motion should be **DENIED**.

### BACKGROUND

Plaintiff BioTE Medical, LLC ("BioTE") provides hormone replacement therapy to individuals who experience hormonal imbalances in their body through a method called Pellet Therapy, which inserts hormone pellets into the subcutaneous fat layer of the patient through an incision. BioTE's Pellet Therapy uses BioTE's custom and proprietary hormone pellet formula, which relies on bio-identical and natural ingredients to maintain a patient's hormone levels throughout the day.

On December 13, 2018, BioTE sued Evexias/Farmakeio Defendants[1] and Individual Defendants[2] (Dkt. #1). BioTE alleges Defendants are: (1) unlawfully manufacturing and selling

---

[1] The Evexias/Farmakeio Defendants include: Kent Jacobson, Jeni Guinn, Daniel D. DeNeui, Terri J. DeNeui, Jeff DeNeui, Dustin C. DeNeui, John Thomas, MD, Gunter Mueller, Dan Mikals, Lisa Mikals, Wendy Sandoval, Nicole Turcotte, Justin Graves, Robert Alan Harris, Martin Groves, Neal Rouzier, MD, Forget About It, Inc., Evexias Health Solutions, LLC, EvexiPEL, a Division of Evexias Health Solutions, LLC, Evexias Holding Co, Evexias HRT, LLC f/k/a Hormonal Health and Wellness Centers, LLC, Evexias Medical Centers, PLLC f/k/a Terri Suresh ACNP, PLLC a/k/a Hormonal Health Wellness & Skin Center a/k/a Hormonal Health Wellness and Aesthetics Center a/k/a Hormonal Health & Wellness, Evexias Management, LLC, Evexias Metrita-Columbia, LLC, Evexias-Anthem Columbia, LLC, Evexias-Anthem Alaska, LLC, North American Custom Laboratories, LLC a/k/a Farmakeio, Farmakeio Nutraceuticals, LLC, Farmakeio Outsourcing, LLC, and Nilus, LLC.

[2] The Individual Defendants include: Mark Burns, Jeff Hill, Dominic Verrilli, Kimberley Meegan, and Andrea Jones.

unapproved new drugs under the false guise that they are engaged in lawful "compounding;" and (2) engaging in false and misleading advertising and promotion of their unapproved new drugs, in violation of Section 43 of the Lanham Act, codified at 15 U.S.C. § 1125(a)(1)(B). BioTE also alleges Defendants conducted and continue to conduct their business through legitimate and illegitimate means in the form of an association-in-fact enterprise, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. § 1961 (2018).

## II. Procedural History

On July 21, 2020, BioTE filed a Notice of Discovery Disclosure including its expert designation (Dkt. #184). On September 1, 2020, Evexias/Farmakeio filed their Motion to Strike Experts and Exclude Evidence (Dkt. #197) based on BioTE's disclosure. On September 15, 2020, BioTE responded (Dkt. #207).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require various disclosures throughout discovery, including initial and expert disclosures. Initial disclosures require each party to disclose, among other things, "a computation of each category of damages claimed by the disclosing party." FED. R. CIV. P. 26(a)(1)(A)(iii). Expert disclosures differ based on whether the party's expert is retained or nonretained. A retained expert must provide a written report explaining all her opinions and reasons for them, facts considered in forming the opinions, and supporting exhibits. FED. R. CIV. P. 26(a)(2)(B). The requirements for a nonretained expert are more lenient, requiring a statement of the subject matter and a summary of the expected facts and opinions of which the expert will testify. FED. R. CIV. P. 26(a)(2)(C).

If a party fails to satisfy these disclosures, courts may exclude the party from using that evidence at trial. FED. R. CIV. P. 37(c). The Court has discretion, however, to grant a party leave

to amend insufficient disclosures and considers the following four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

## ANALYSIS

Defendants Evexias/Farmakeio move to exclude: (1) any evidence of BioTE's damages; (2) BioTE's non-retained experts, Gary Donovitz and Mark Hincher; and (3) BioTE's attorneys' fee expert, Ryan Lurich. The Court addresses each in turn.

### 1. Evidence of BioTE's Damages

The Court denies the Motion to exclude evidence of BioTE's damages because BioTE's damages calculation hinges on Defendants' gross sales, which Defendants have not yet produced.

As background, BioTE seeks disgorgement of Evexias/Farmakeio's profits as authorized under 15 U.S.C. § 1117(a)(1). That remedy requires BioTE to prove Defendants' sales and then Defendants "must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117(a)(1).

Based on the limited briefing provided, the Court understands that BioTE is waiting to receive information from Defendants that would establish Defendants' gross sales (*See* Dkt. #207 at p. 4). While Defendants argue that BioTE's damages calculation is still untimely and should be excluded, it is only untimely because Defendants have not yet produced certain sales data. It would be unreasonable to strike one party's evidence as tardy when the delay was caused by the movant. Courts generally strike evidence to avoid unfair surprise. *See Reed v. Iowa Marine and Repair Corp.*, 16 F.3d 82, 85 (5th Cir.1994). As Defendants possess their own sales data, they will not be surprised when BioTE uses it to calculate damages.

## 2. BioTE's Non-Retained Experts

Evexias/Famakeio move to exclude BioTE's non-retained experts Gary Donovitz and Mark Hincher for insufficient expert disclosures. In response, BioTE "withdraws Dr. Gary Donovitz and Mark Hincher as non-retained expert witnesses and will rely upon their testimony as lay fact witnesses" (Dkt. #207 at p. 9). As BioTE withdraws the disputed experts, the controversy is now moot. Thus, the Motion is denied on this ground as moot.

## 3. BioTE's attorneys' fee expert

The Court denies the Motion to exclude evidence of BioTE's attorneys' fee expert. BioTE's counsel, Ryan Lurich, provided a written expert report detailing his background and opinions on incurred and anticipated legal expenses. Defendants argue BioTE's expert should be excluded because he did not provide enough facts underlying his opinion, such as legal invoices he reviewed. However, the Court "agrees with authority in this circuit stating that 'attorneys testifying solely on the topic of attorneys' fees are not required to provide expert reports.'" *Duininck Bros. v. Howe Precast, Inc.*, No. 4:06-CV-441, 2008 WL 4411564, at *1 (E.D. Tex. Sept. 23, 2008) (*citing Kondos v. Allstate Tex. Lloyds*, Civ. Action No. 1:03-CV-1440, 2005 U.S. Dist. LEXIS 37661, at *54 (E.D.Tex. Apr. 25, 2005); *accord Wright v. Blythe-Nelson*, Civ. Action No. 3:99-CV-2522-D, 2001 U.S. Dist. LEXIS 9606, at *21-22 (N.D.Tex. July 11, 2001)). Because BioTE did not need to produce its attorneys' fees expert report in the first place, the Court denies Defendants' motion to exclude it.

## CONCLUSION

It is therefore **ORDERED** that Evexias/Farmakeio Defendants' Motion to Strike Experts and Exclude Evidence (Dkt. #197) is hereby **DENIED**.

**SIGNED this 18th day of November, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE