# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | § | |
|---|---|---|
| BIOTE MEDICAL, LLC, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-866 |
| | § | Judge Mazzant |
| KENT JACOBSEN, et al. | § | |
| | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Third-Party Defendants Mark Hincher, Mark Orr, and Amy Pitarra's Rule 12(b)(2) Motion to Dismiss (Dkt. #212). Having considered the Motion and briefing, the Court finds the Motion should be **DENIED**.

### BACKGROUND

Plaintiff BioTE Medical, LLC ("BioTE") provides hormone replacement therapy to individuals who experience hormonal imbalances in their body through a method called Pellet Therapy, which inserts hormone pellets into the subcutaneous fat layer of the patient through an incision. BioTE's Pellet Therapy uses BioTE's custom and proprietary hormone pellet formula, which relies on bio-identical and natural ingredients to maintain a patient's hormone levels throughout the day.

On December 13, 2018, BioTE sued Evexias/Farmakeio Defendants[1] and Individual Defendants[2] (Dkt. #1). BioTE alleges Defendants are: (1) unlawfully manufacturing and selling

---

[1] The Evexias/Farmakeio Defendants include: Kent Jacobson, Jeni Guinn, Daniel D. DeNeui, Terri J. DeNeui, Jeff DeNeui, Dustin C. DeNeui, John Thomas, MD, Gunter Mueller, Dan Mikals, Lisa Mikals, Wendy Sandoval, Nicole Turcotte, Justin Graves, Robert Alan Harris, Martin Groves, Neal Rouzier, MD, Forget About It, Inc., Evexias Health Solutions, LLC, EvexiPEL, a Division of Evexias Health Solutions, LLC, Evexias Holding Co, Evexias HRT, LLC f/k/a Hormonal Health and Wellness Centers, LLC, Evexias Medical Centers, PLLC f/k/a Terri Suresh ACNP, PLLC a/k/a Hormonal Health Wellness & Skin Center a/k/a Hormonal Health Wellness and Aesthetics Center a/k/a Hormonal Health & Wellness, Evexias Management, LLC, Evexias Metrita-Columbia, LLC, Evexias-Anthem Columbia, LLC, Evexias-Anthem Alaska, LLC, North American Custom Laboratories, LLC a/k/a Farmakeio, Farmakeio Nutraceuticals, LLC, Farmakeio Outsourcing, LLC, and Nilus, LLC.

[2] The Individual Defendants include: Mark Burns, Jeff Hill, Dominic Verrilli, Kimberley Meegan, and Andrea Jones.

unapproved new drugs under the false guise that they are engaged in lawful "compounding;" and (2) engaging in false and misleading advertising and promotion of their unapproved new drugs, in violation of Section 43 of the Lanham Act, codified at 15 U.S.C. § 1125(a)(1)(B). BioTE also alleges Defendants conducted and continue to conduct their business through legitimate and illegitimate means in the form of an association-in-fact enterprise, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. § 1961 (2018).

On September 13, 2019, Evexias/Farmakeio Defendants filed their answer to BioTE's complaint and their affirmative defenses, counterclaims, and third-party claims (Dkt. #151). Specifically, Evexias/Farmakeio Defendants asserted claims against Third-Party Defendants[3] for tortious interference with prospective and continuing business relations; business disparagement and defamation; and for conspiracy to accomplish the same.

## II. Procedural History

On June 1, 2020, the Court denied Third-Party Defendants'[4] 12(b)(2) Motion to Dismiss (Dkt. # 162) without prejudice and permitted further discovery on personal jurisdiction (Dkt. #179). The Court stated that it "does not have sufficient information at this time" to determine the issue of personal jurisdiction, citing the parties' scant four-and-a-half pages of combined briefing (Dkt. #179 at p. 14). On September 30, 2020, Third-Party Defendants filed the instant Motion to Dismiss (Dkt. #212). On October 14, 2020, Evexias/Farmakeio responded (Dkt. #214).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a

---

[3] The Third-Party Defendants include: Gary Donovitz, Mark Hincher, Terry Weber, Cory Rice, Mark Orr, and Amy Pitarra.
[4] The Third-Party Defendants contesting personal jurisdiction are: Mark Hincher, Mark Orr, and Amy Pitarra.

non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists.  *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)).

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a *prima facie* case supporting jurisdiction."  *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).  When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits."  *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977).  Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists." *Id.* (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 161, 1067 (5th Cir. 1992)).  However, if the court holds an evidentiary hearing on the question of personal jurisdiction, a plaintiff "must establish jurisdiction by a preponderance of the admissible evidence."  *In re Chinese-Manufactured Drywall Prods. Liab. Lit.*, 742 F.3d 576, 585 (5th Cir. 2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008)).

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993).  First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant.  *Id.*  And second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution.

The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees. *Bullion*, 895 F.2d at 216. The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established certain minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008) (citing *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1992)). However, only in an "exceptional case" could a plaintiff assert general jurisdiction over a party in a forum outside of its domicile, place of incorporation, or principal place of business. *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 234 (5th Cir. 2016) (citations and quotation omitted). Finding general jurisdiction where an individual or company is outside of its domicile, place of incorporation, or principal place of business requires a showing of

a defendant's substantial, continuous, and systematic contact with the forum. *See Johnston*, 523 F.3d at 609. And "vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Id.* at 610 (citing *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999)).

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros*, 466 U.S. at 414 n.8. For the court to exercise specific jurisdiction, the court must determine "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). "[T]he court must separately consider specific jurisdiction for each claim that arises from different forum contacts." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 198 n.16 (5th Cir. 2019) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006)).

Defendants who "'reach out beyond one state' and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for consequences of their actions." *Burger King Corp.*, 471 U.S. at 475 (citing *Travelers Health Assoc. v. Virginia*, 339 U.S. 643, 647 (1950)). Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *Id.* Rather, the specific-jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citation and quotations omitted). "For this reason, 'specific jurisdiction

is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear*, 564 U.S. at 919). Further, "a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." *Id.* (alteration in original) (quoting *Walden*, 571 U.S. at 286).

"If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth*, 472 F.3d at 271. In this inquiry, the Court examines five factors: (1) the burden on the non-resident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King Corp.*, 471 U.S. at 477. "It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

## ANALYSIS

The Court denies the Motion for reasons similar to its previous Order: the parties have not fully briefed the Court and have not completed jurisdictional discovery.

The parties devote roughly four pages of briefing to argue the issue of personal jurisdiction (Dkt. #212 at pp. 3-5; Dkt. #214 at pp. 1-3). Third-Party Defendants assert that Evexias/Farmakeio "have not served any discovery" on them "for any purpose" and accordingly, without further facts supporting jurisdiction, dismissal is proper (Dkt. #212 at p. 2). Evexias/Farmakeio respond that they asked to depose the Third-Party Defendants, but "[n]o dates were provided" (Dkt. #214 at p.

2). Evexias/Farmakeio also sent interrogatories to the Third-Party Defendants' employer, BioTE, but it objected to all requests and did not produce any responses. No reply was filed.

As the Court stated in its prior Order denying personal jurisdiction, "the Court requires further briefing" and "does not have sufficient information at this time to make a determination" (Dkt. #179 at p. 14). If Plaintiff's assertions are accurate, then it would be premature to determine the issue of personal jurisdiction. While Evexias/Farmakeio have the burden to establish personal jurisdiction over the non-resident defendants, Evexias/Farmakeio have not yet received dates to depose the Third-Party Defendants on jurisdictional grounds. *See Bullion*, 895 F.2d at 217. Depositions will likely be an efficient method to determine personal jurisdiction and are permitted under the Court's prior Order. The parties are urged to cooperate in discovery and to follow proper procedures for mediating discovery disputes.

## CONCLUSION

It is therefore **ORDERED** that Third-Party Defendants' Rule 12(b)(2) Motion to Dismiss (Dkt. #212) is hereby **DENIED**.

It is further **ORDERED** that Evexias/Farmakeio Defendants are authorized to conduct discovery as to the issue of specific personal jurisdiction over Mr. Hincher, Mr. Orr, and Ms. Pitarra. Third-Party Defendants may refile a 12(b)(2) motion to dismiss only if personal jurisdiction is still at issue after reasonable jurisdictional discovery has concluded.

**SIGNED this 18th day of November, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE