# United States District Court
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| BIOTE MEDICAL, LLC | § | |
| | § | |
| Plaintiff/Counter-Defendant | § | Civil Action No. 4:18-cv-00866 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| KEN JACOBSEN, et al., | § | |
| | § | |
| Defendant/Counter-Plaintiffs | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Compel (Dkt. #281).  Having considered the Motion and briefing, the Court finds the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

Plaintiff BioTE Medical, LLC ("BioTE") provides hormone replacement therapy to individuals who experience hormonal imbalances in their body through a method called Pellet Therapy, which inserts hormone pellets into the subcutaneous fat layer of the patient through an incision.  BioTE's Pellet Therapy uses BioTE's custom and proprietary hormone pellet formula, which relies on bio-identical and natural ingredients to maintain a patient's hormone levels throughout the day.

On December 13, 2018, BioTE sued Evexias/Farmakeio Defendants[1] and Individual Defendants[2] (collectively, "Defendants") (Dkt. #1). BioTE alleges Defendants are: (1) unlawfully manufacturing and selling unapproved new drugs under the false guise that they are engaged in lawful "compounding;" and (2) engaging in false and misleading advertising and promotion of their unapproved new drugs, in violation of Section 43 of the Lanham Act, codified at 15 U.S.C. § 1125(a)(1)(B). BioTE also alleges Defendants conducted and continue to conduct their business through legitimate and illegitimate means in the form of an association-in-fact enterprise, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. § 1961 (2018).

On December 12, 2020, Evexias/Farmakeio filed a Motion to Enter Protective Order (Dkt. #278). The parties disputed the terms of this protective order, specifically whether there should be a "Highly Confidential" label considering the sensitive information in this case. After briefing on the topic, the Court granted Evexias/Farmakeio's Motion to Enter Protective Order (Dkt. #289). There is now a protective order governing the case with a procedure for handling confidential information (Dkt. #290).

---

[1] The Evexias/Farmakeio Defendants include: Kent Jacobson, Jeni Guinn, Daniel D. DeNeui, Terri J. DeNeui, Jeff DeNeui, Dustin C. DeNeui, John Thomas, MD, Gunter Mueller, Dan Mikals, Lisa Mikals, Wendy Sandoval, Nicole Turcotte, Justin Graves, Robert Alan Harris, Martin Groves, Neal Rouzier, MD, Forget About It, Inc., Evexias Health Solutions, LLC, EvexiPEL, a Division of Evexias Health Solutions, LLC, Evexias Holding Co, Evexias HRT, LLC f/k/a Hormonal Health and Wellness Centers, LLC, Evexias Medical Centers, PLLC f/k/a Terri Suresh ACNP, PLLC a/k/a Hormonal Health Wellness & Skin Center a/k/a Hormonal Health Wellness and Aesthetics Center a/k/a Hormonal Health & Wellness, Evexias Management, LLC, Evexias Metrita-Columbia, LLC, Evexias-Anthem Columbia, LLC, Evexias-Anthem Alaska, LLC, North American Custom Laboratories, LLC a/k/a Farmakeio, Farmakeio Nutraceuticals, LLC, Farmakeio Outsourcing, LLC, and Nilus, LLC.

[2] The Individual Defendants include: Mark Burns, Jeff Hill, Dominic Verrilli, Kimberley Meegan, and Andrea Jones.

On December 14, 2020, the Court held a prefiling hearing and gave parties leave to file the motion to compel.  On December 18, 2020, BioTE filed a Motion to Compel (Dkt. #281).  On December 28, 2020, Defendants responded (Dkt. #285).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties may discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).  This broad construction permits discovery of all "information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984).  The Court's scheduling order requires parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party.'" (Dkt. #177 at p. 3).  Notably, the bar for relevancy is low and includes any matter "that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[3] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  While discovery may not be used "as a license to engage in an unwieldy, burdensome, and speculative fishing expedition," parties must make a reasonable effort to comply. *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (5th Cir. 2010).

Parties may request the production of documents under Federal Rule of Civil Procedure 34 and the answering of interrogatories under Federal Rule of Civil Procedure 33.  In response to a request for production, the requestee "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B).  In response to an interrogatory, the requestee

---

[3] Local Rule CV-26(d) provides some considerations for whether a particular piece of information is relevant, including if the information: (1) would support the parties' contentions; (2) includes persons who might reasonably be expected to be deposed or called as a witness; (3) is likely to influence the outcome of a claim or defense; and (4) deserves to be considered in the preparation for trial.

must either answer each "separately and fully in writing under oath" of state "[t]he grounds for objecting...with specificity." FED. R. CIV. P. 33(b)(3)-(4).  The resisting party must always show specifically how each request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).  For this reason, general or boilerplate objections are invalid. *See id.* at 1484–86 (holding objecting as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive," is inadequate).  When objecting to interrogatories, "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(3)-(4).

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery.  Under Rule 37(a)(3)(B)(iii)–(iv), a party seeking discovery may move for a court order compelling production if the opposing party has failed to produce documents under Federal Rule of Civil Procedure 34 or failed to answer an interrogatory under Federal Rule of Civil Procedure 33. *See Crosswhite v. Lexington Ins. Co.*, 321 Fed.Appx. 365, 368 (5th Cir. 2009).   For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).  The moving party bears the burden of showing that the materials and information sought are discoverable. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006).  Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

## ANALYSIS

The parties ask the Court to adjudicate 221 separate discovery disputes.  Despite the Court's emphasis on coordination, the parties seem unable to find common ground.  Both sides accuse the other of abusing the discovery process.  The Court addresses each request and objection, but first reminds the parties of discovery rules.

Under Federal Rule of Civil Procedure 26(g), parties have an affirmative duty to engage in pretrial discovery in a responsible manner. FED. R. CIV. P. 26(g).  When parties sign a request or objection, they certify it is "warranted by existing law or by a nonfrivolous argument...not interposed for any improper purpose...[and] neither unreasonable nor unduly burdensome or expensive."  FED. R. CIV. P. 26(g)(1)(B)(i)-(iii).  Critically, parties must make "a reasonable inquiry before conducting or opposing discovery." *Smith v. Our Lady of the Lake Hosp., Inc.,* 960 F.2d 439, 448 (5th Cir. 1992).

While reviewing the hundreds of pages associated with this Motion, the Court observed several apparent violations of these principles.  Defendants frequently object to relevancy and proportionality, but seldom provide context or argument on the issue.  If a party objects to a request, the rules require they explain how and why. *See Merrill v. Waffle House, Inc.,* 227 F.R.D. 475, 477 (N.D. Tex. 2005).  For example, if a party objects to proportionality or burden, they "typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *S.E.C. v. Brady,* 238 F.R.D. 429, 437 (N.D. Tex. 2006), (quoting *Waddell & Reed Financial, Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004)).  Regardless of how lengthy or contentious the litigation, parties may not make blanket requests or boilerplate objections without a basis in law or fact.

5

### *Manner of Production*

BioTE broadly takes issue with Defendants' manner of production of documents in response to the discovery requests.  BioTE asserts Defendants produced 892 documents without specifying which documents were produced for which request.  BioTE alleges the manner of production of the documents made it impossible determine when a document pairs with a vague discovery response (e.g., "responsive documents previously produced").  Defendants disagree, arguing the time and expense of organizing the documents is unnecessary, particularly when BioTE should already have the relevant documents from its previous summary judgement motion.

Considering the federal rules and the facts of this case, BioTE's motion to require Defendants organize their produced documents is denied except for a select number of requests the Court identifies throughout this order.  Under Federal Rule of Civil Procedure 34, a party must normally "produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i).  While the parties acknowledge the documents are not organized and labeled, it is unclear whether they have been produced as they are kept in the usual course of business.  Requiring Defendants to compile and organize documents with a corresponding bates number will likely be a labor-intensive request.  Some documents are likely self-explanatory and easily identifiable, and thus requiring Defendants to label them would be unnecessary.  Because reorganizing 892 documents would be a significant task for Defendants, and does not seem necessary, the Court declines this blanket request.

Still, some disclosures are so important to the core of the case that BioTE must be certain it has located all responsive documents.  While the parties argue about who should bear the burden of sorting through hundreds of documents, these important issues deserve special attention and

require organization.  For example, Defendants allege defamation.  BioTE must know exactly what defamatory statements are at issue.   Regardless of whether Defendants suspect BioTE already possesses the information, organization and cooperation is essential.  Even so, relevant information is still discoverable even if the other side may otherwise have access to it.  Defendants are ordered to identify the requested documents as set out below.  Moving forward, the parties must comply with the discovery rules, including Rule 34, and produce documents in some organized fashion.

### *BioTE's First Set of Interrogatories to Evexias*

The Court addresses the disputed requests in BioTE's First Set of Interrogatories to Evexias (Dkt. #281, Exhibit #2).

Interrogatory No. 5

BioTE seeks the identity of each health care practitioner who entered into a contract with Evexias, including the practitioner's name, name of practice, phone number, and address.  Evexias objected, arguing: (1) the information is not relevant; and (2) it is inappropriate without a protective order.  Evexias now agrees to provide the information after a protective order is entered.  As a protective order has been entered, Evexias is ordered to produce the information.

Interrogatory No. 7

BioTE seeks the identity of all health care practitioners contracting with Evexias who were previously contracting with BioTE Medical.  Evexias objected, arguing: (1) the information is not relevant; (2) disclosure is inappropriate without a protective order; (3) BioTE should already possesses the information; and (4) it is unable to respond without BioTE first providing its own list of providers for Evexias to cross-reference.

First, the information is relevant to BioTE's false advertising claim because identifying this group will identify what allegedly false marketing materials Evexias provided to them.

Second, the protective order has been entered.  Third, Evexias's belief of what documents BioTE already has is not a valid objection to discovery.  Lastly, this is an improper objection.  If Evexias has the information requested, it must disclose, but if it does not have the information it should say so and request BioTE provide more context to the request.  Regardless, in the spirit of cooperation, BioTE is ordered to resend its list of providers to expediate the discovery process and Evexias is ordered to respond after cross-referencing the list.

<u>Interrogatory No. 6</u>

BioTE seeks the identity of all Practice Development Specialists contracted with Evexias. Evexias originally contended it provided this information, but now agrees to comply and provide a list of Practice Development Specialists to BioTE as requested.  As Evexias will comply with the interrogatory, there is nothing for the Court to resolve.

***BioTE's First Set of Requests for Production to Evexias***

The Court addresses the disputed requests in BioTE's First Set of Requests for Production to Evexias (Dkt. #281, Exhibit #3).

<u>Request for Production No. 1</u>

BioTE seeks all Practice Development Specialist Independent Contractor Agreements entered into between Evexias and any third party.  Evexias did not initially object to this request, but now argues the request is: (1) irrelevant; (2) not proportional; and (3) would require a protective order.  Regardless, the parties agreed to limit the scope of the request if Evexias provides a list of Practice Development Specialists in response to Interrogatory No. 6.  As Evexias has agreed to provide this list, there is nothing for the Court to resolve.

Request for Production No. 2

BioTE seeks all contracts between Evexias and any health care practitioner.  Evexias originally objected based on (1) relevancy and (2) the lack of a protective order, but now argues (3) seeking every contract is disproportional to the needs of the case.  Evexias does not explain why this request is disproportional.

First, the information is relevant because it goes to BioTE's claims for damages under disgorgement.  Second, a protective order has been entered.  Lastly, BioTE agreed to narrow the scope of the request to only include contracts between Evexias and health care practitioners who were previously under contract with BioTE.  As BioTE narrowing the request alleviates any issue with proportionality, Evexias is ordered to produce the information.

Request for Production No. 3 and No. 4

BioTE seeks marketing materials utilized to solicit health care practitioners from January 1, 2017, to present and marketing materials created to advertise EvexiPEL.  Evexias produced just three documents with its initial response but agrees to supplement its response as additional marketing materials are located.  As such, Evexias is ordered to continue supplementing its production with additional materials as they become available.

Requests for Production No. 5 through No. 18

BioTE seeks numerous studies supporting the various marketing claims made by Evexias regarding the hormone pellets utilized in the EvexiPEL method.  Evexias objected, arguing: (1) no pill exists based on BioTE's definition; (2) it already produced a limited number responsive items based on a more generous reading of the definition; and (3) there are HIPPA concerns.  In its motion, BioTE contends Evexias only disclosed one document, the study titled "Subcutaneous Testosterone Pellet Implants: Understanding the Role of Triamcinolone" (the "White Paper"), and

BioTE is unable to ascertain if any other documents were produced because of the manner of production.

Evexias overlooked the disputed definition and attempted to comply with the request. Based on its reasonable interpretation, it produced a limited number of documents, excluding some based on HIPPA concerns.  But BioTE's issue with the manner of production of these documents has merit because the studies would make or break whether the marketing claims are false or misleading.  As these documents are particularly important because they demonstrate how Evexias advertised the pellets, and a protective order has been entered, Evexias is ordered to produce and label any documents responsive to this request.  If the White Paper is the only responsive document, Evexias is ordered to confirm.

Request for Production No. 19

BioTE seeks all communications to health care professionals soliciting EvexiPEL.  Evexias objected, arguing: (1) relevancy; (2) proportionality; and (3) a protective order is needed.

First, the information is relevant because this is a false advertising case concerning EvexiPEL and the communications may show consumers relied on the allegedly false marketing materials.  Second, the request is proportional to the case considering it directly relates to the false advertising claim.  Evexias has not explained why this request is overly burdensome, but still, the amount in controversy is over $10,000,000 and so some burden is justifiable.  Evexias argues this is an attempt by BioTE to see "anything and everything," but this is, by definition, the point of discovery.  Without an explanation why the request is not proportional, the Court cannot offer Evexias relief.  Lastly, a protective order has been entered.  As the communications are relevant, the request is not disproportional, and a protective order has been entered, Evexias is ordered to comply.

Separately, BioTE expresses concern that documents yet-to-be-produced will be improperly labeled as confidential. This concern is premature. The protective order has procedural safeguards for this purpose. BioTE may not preemptively challenge a disclosure without seeing the documents first and following instructions in the protective order.

Requests for Production No. 21, 22, 24, 25, 27, and 28

BioTE seeks financial information from Evexias, including its profit and loss statements, balance sheet, and net worth statement. Evexias objected, arguing the information is: (1) not relevant; and (2) should not be disclosed without a protective order.

First, this information is highly relevant because it goes directly to BioTE's remedy of disgorgement. The remedy of disgorgement requires BioTE prove Evexias's sales, so financial information from Evexias is necessary. Second, a protective order has been entered. As the information is relevant and a protective order has been entered, Evexias is ordered to comply with the request.

Requests for Production No. 29 through No. 39

BioTE seeks communications and documents concerning the formation, purpose, and business model of Evexias, EvexiPEL, or the Evexias Hormone Pellets. Evexias objected, arguing: (1) relevancy; (2) the information was already provided at the injunction hearing; (3) vagueness; and (4) proportionality.

First, the information is relevant because information about the Defendants' business model goes directly to BioTE's RICO claim alleging collusion. Second, testifying at an injunction hearing is no substitute to complying with the rules of discovery. But, lastly, the Court agrees that certain requests are vague and disproportional. For example, Request for Production No. 39 seeks all documents "concerning or detailing the Evexias Hormone Pellets." BioTE does not provide

11

more context or specifics about what information is sought, meaning this request could be for marketing information, internal production, or even the chemical formulation of the pellets.  To resolve this issue, BioTE is ordered to reword and narrowly tailor each request to assist Evexias in complying.  Evexias is then ordered to either confirm it has no responsive documents or to reproduce each document with an appropriate label.

Requests for Production No. 41 through No. 43

BioTE seeks the minutes of any Evexias member or manager meetings.  Evexias objected, arguing: (1) relevancy; and (2) these requests are a fishing expedition.

First, disclosure of the minutes is relevant because meetings between members and managers could shed light on the false advertising or RICO claims.  Second, while Evexias protests that the request is merely an attempt to get "any and all minutes," this is how discovery works. BioTE has reason to believe this information could shed light on any discussions regarding the use of triamcinolone in the hormone pellets.  It is entitled to discover the veracity of its claim.  The request is not overly broad because BioTE specified what meeting minutes it seeks, and the request is not overly burdensome because these documents should all be stored together as a single category.  As the information is relevant and not overbroad or overly burdensome, Evexias is ordered to comply.

Request for Production No. 44

BioTE seeks all training and marketing materials utilized or distributed during Evexias's training seminars.  Evexias objected, arguing: (1) relevancy; and (2) a protective order is required. Evexias now also objects because (3) the request is disproportional to the needs of the case.

First, the information is relevant because training and marketing materials may evidence reliance by consumers, which is required to prove BioTE's false advertising claim.  Second, a

protective order has been entered.  Lastly, however, the Court agrees the scope of this request is somewhat broad considering there are products at issue in this case and the requested materials encompass other products as well.  As the request is phrased too broadly, BioTE is ordered to rephrase the request to better fit the scope of the case.

<u>Requests for Production No. 46 and No. 47</u>

BioTE seeks all documents evidencing defamatory statements made by BioTE against Evexias and any documents evidencing damages for the alleged defamation.  Evexias replied, contending it already produced all responsive documents and Evexias will continue to supplement the disclosure as it uncovers more materials.

Evexias's argument boils down to: "Plaintiff knows what items are at issue."  But this is not how discovery works.  These documents go directly to the heart of the counterclaim for defamation, so Evexias must disclose them to BioTE.  Considering these documents form the basis of Evexias's counterclaim, they should be easy for Evexias to identify.  Even if Evexias already provided all responsive documents in previous disclosures, it is ordered to disclose them again and identify them as such, so BioTE can identify exactly which contain the allegedly defamatory statements.

<u>Request for Production No. 55</u>

BioTE seeks communications, including e-mails, discussing the business relationship between Evexias and Farmakeio.  Evexias objected, arguing: (1) vagueness; and (2) it already provided testimony at the injunction hearing.

The Court again notes that testimony at an injunction hearing is no substitute for complying with the rules of discovery in disclosing document requests.  But regardless of this invalid objection, the Court agrees the request should be reworded with more specificity.  As currently

phrased, the request is not limited to certain types of documents over a certain period of time. Rewording the request is particularly fitting here considering Evexias claims it has no responsive documents based on a reasonable understanding of the request.

<u>Requests for Production No. 57 through No. 59</u>

BioTE seeks communications, including e-mails, discussing the decision to create, purpose, and creation of the White Paper that Dan DeNeui and Terri DeNeui testified was the support for some of Evexias' marketing materials. Evexias objected, arguing: (1) the information is not relevant to the case; and (2) the request is overly broad.

First, the information is relevant because Defendants use the White Paper to argue the marketing campaign is not false or misleading. Evexias does not explain why the information is not relevant. Second, the request is not overly broad because BioTE limited it to communications regarding the purpose and creation of the White Paper. The request does not seek information regarding the context or aftermath of the paper, but rather communications concerning the paper's origination. As the information is relevant and sufficiently limited, Evexias is ordered to comply.

<u>Request for Production No. 60</u>

BioTE seeks the charts analyzed for purposes of creating the White Paper. Evexias objected, arguing: (1) the information is subject to HIPPA protection; and (2) the request is disproportional to the needs of the case.

First, there is no remaining HIPPA concern because a protective ordered has been entered. Second, the Court acknowledges the request is burdensome and should be reworded. This request would require disclosure of over 14,400 documents. While the White Paper is a key part of the case, the datum analyzed to create the report is more removed. Evexias already produced a summary of the charts to provide context for BioTE, without the burden of producing thousands

of documents.  While this is a multi-million-dollar case, disclosure of these documents places a severe burden on Evexias.

Considering hundreds of other discovery requests included in this Motion, BioTE is encouraged to reconsider whether this request is necessary.  If BioTE still deems the information is essential, the Court orders it to rephrase the request as narrowly as possible to alleviate the burden on Evexias.

Request for Production No. 61

BioTE seeks the documents relied upon to create the White Paper.  Evexias answered, alleging it previously produced the documents and some documents are already identified in the paper itself.  These objections aside, BioTE offers to drop its request in exchange for confirmation that the four-page summary produced by Evexias is the only document responsive to this request.  As Evexias confirmed this in its reply, there is nothing for the Court resolve.

*BioTE's First Set of Requests for Production to Farmakeio*

The Court addresses the disputed requests in BioTE's First Set of Requests for Production to Farmakeio (Dkt. #281, Exhibit #4).

Requests for Production No. 2 and No. 3

BioTE seeks communications and documents discussing or detailing the business relationship between Farmakeio and Evexias.  Farmakeio objected, arguing: (1) the request is impermissibly vague; and (2) proportionality.

While Farmakeio did not provide any argument why the request is vague or not proportional, Farmakeio contends it performed a search and did not locate any responsive items even considering a broad reading of the request.  As such, if BioTE still seeks documents related to this issue, it is ordered to rephrase the request.

15

<u>Requests for Production No. 4 and No. 5</u>

BioTE seeks copies of the marketing materials utilized by Farmakeio from January 1, 2017, to present and marketing materials created by Farmakeio to advertise the Evexias Hormone Pellet. Farmakeio claims it previously produced the marketing materials.  Considering this request is highly relevant because it requests the actual marketing materials BioTE alleges consumers falsely relied on, Farmakeio is ordered to produce the materials with appropriate labels so BioTE can identify which materials are responsive to the request.

<u>Requests for Production No. 6 through No. 19</u>

BioTE seeks documents supporting the various claims made by Evexias and Farmakeio regarding the hormone pellets utilized in the EvexiPEL method.  Farmakeio objected based on BioTE's definition of "Evexias Hormone Pellet," but agreed to provide responsive documents based on a reasonable interpretation of the request.  BioTE now argues the insufficient manner of production has made it impossible to identify any responsive documents. Farmakeio argues it produced responsive documents and will continue to supplement this disclosure.

This information is highly relevant to BioTE's false advertising claims because the efficacy of the hormone pellets and EvexiPEL method is what BioTE alleges Defendants falsely advertised. BioTE needs this information to rebut any defense by Defendants that it did not falsely advertise the hormone pellet claims.  As the information is important to BioTE's false advertising claim, Farmakeio is ordered to produce any responsive documents with a corresponding label and continue to supplement the answer as more documents become available.

Request for Production No. 20

BioTE seeks all communications to health care practitioners soliciting the sale of Evexias Hormone Pellets.   Farmakeio objected, arguing: (1) relevancy; (2) proportionality; and (3) a protective order is necessary.

First, communications about soliciting the hormone pellets are relevant to BioTE's asserted RICO claims because they may evidence solicitation of an unapproved drug under the Federal Food, Drug, and Cosmetic Act.   Confusingly, Farmakeio argues BioTE's motion is deficient because it "re-writes this request apparently to include 'hormone pellets with triamcinolone for office use.'"   But while Farmakeio asserts that BioTE rewrote its request to include a type of pellet that is not at issue, BioTE's request only includes "Evexias Hormone Pellets."   BioTE only refers to triamcinolone when describing the basis for its RICO claims.   Second, Farmakeio makes no specific showing of how producing the communications is disproportional to the needs of this multi-million-dollar case.   Third, a protective order has been entered.   As the information is relevant, proportional, and shielded by a protective order, Farmakeio is ordered to comply.

Requests for Production No. 21 through No. 29

BioTE seeks financial information from Farmakeio, including its profit and loss statements, balance sheet, and net worth statement.   Farmakeio objected, arguing: (1) the information is not relevant; and (2) a protective order is needed.   Objections aside, Farmakeio agreed to produce documents showing its sales if a protective order is entered.

First, the information is relevant because BioTE seeks the remedy of disgorgement requiring proof of Farmakeio's sales.   Second, a protective order has been entered.   As a protective order has been entered, Farmakeio will comply with the request.

Request for Production No. 30 and No. 33

BioTE seeks communications and documents concerning the creation of the Evexias Hormone Pellets.  Farmakeio objected, arguing: (1) the information is not relevant; and (2) the request is impermissibly vague.

The Court agrees the request is vague.  While communications about the creation of the hormone pellets is likely relevant to the false advertising or RICO claims because it goes to their contested business model.  As Farmakeio notes, the request could refer broadly to formulation, production, or development.  As the information is relevant but the request is vague, BioTE is ordered to clarify its request.

Requests for Production No. 31 and No. 34

BioTE seeks communications, including e-mails, discussing and documents concerning or detailing expanding Farmakeio's business into the bio-identical hormone replacement therapy market.  Farmakeio objected, arguing the request is not relevant.

Farmakeio objected to relevance, but its argument mainly addresses vagueness because it "is able to compound just about anything."  The communications are relevant to the RICO claims because BioTE asserts Farmakeio had never compounded hormone pellets before Dan DeNeui and Michael Cole purchased a controlling interest in the company.  And the request is proportional because BioTE limited it to communications about Farmakeio's entry into the bio-identical hormone replacement therapy market.  But the Court agrees the request could go to products unrelated to this case, so BioTE is ordered to clarify its request.

Requests for Production No. 36 through No. 39

BioTE seeks the company agreement and minutes of any member or manager meetings. Farmakeio objected, arguing: (1) the information is not relevant; and (2) requires a protective order.

First, the information is relevant because it could provide insight into the company's expansion into the hormone therapy market and support BioTE's RICO claim.  Second, a protective order has been entered.  Farmakeio takes issue with BioTE seeking sensitive information from a competitor, but discovery frequently involves the production of sensitive information.  This is why a protective order with procedural safeguards has been entered.  As the information is relevant and a protective order is in place, Farmakeio is ordered to comply.

Requests for Production No. 40 and No. 41

BioTE seeks the documents Farmakeio alleges contain defamatory statements and the documents supporting Farmakeio's damage claim.  Farmakeio answered, maintaining it previously produced all responsive documents.  Considering the importance of these documents to the defamation counterclaim and Defendants' disorganized manner of production, Farmakeio is ordered to produce the documents and properly label them so BioTE can confirm which documents support the counterclaim.

Requests for Production No. 48 through No. 55

BioTE seeks documents evidencing the compounding, sale, and distribution of hormone pellets with or without triamcinolone and pursuant to a prescription or for office use from January 1, 2016, to present.  To some requests, Farmakeio agreed to produce "spreadsheets identifying Farmakeio's prescriptions and fulfillment…"  To other requests, Farmakeio argued the request was impermissibly vague.  BioTE claims Farmakeio has produced some responsive documents,

but has not produced other items like "order forms showing what compound was requested, copies of prescriptions for the particular compounds, if any, logs showing the ingredients used to compound the particular hormone pellets, logs showing the batch numbers compounded, the inspections of the particular batches of compounded product, etc."

The Court acknowledges the requests for documents unrelated to the compound may not be relevant and fall within the scope of discovery. While BioTE provides examples of what documents should be produced, it does not explain why documents about compounds without triamcinolone are relevant to its false advertising or RICO claims. Defendants will produce a large volume of documents to comply with this Order. BioTE is encouraged to consider if it still requires documents in response to this request. If it does, it is ordered to rewrite its request to resolve the issues of vagueness and relevancy.

Requests for Production No. 56 through No. 58

BioTE seeks communications, including e-mails, discussing the decision to create, purpose, and creation of the White Paper that Dan DeNeui and Terri DeNeui testified was the support for many of the comparative representations made in Evexias's and Farmakeio's marketing materials regarding its hormone pellets. Farmakeio objected, arguing: (1) the communications are irrelevant; and (2) testimony was already provided at the injunction hearing.

First, information about the creation of the assertedly false marketing materials is highly relevant to BioTE's false advertising and RICO claims. In response, Farmakeio did not explain its relevancy objection. Such boilerplate objections are unpersuasive. Second, as stated, testimony at an injunction hearing does not excuse compliance with the rules of discovery. As the information is relevant and testimony is not a substitute, Farmakeio is ordered to comply.

***BioTE's First Set of Requests for Production to Individual Defendants***

The Court addresses the disputed requests in BioTE's First Set of Requests for Production to Individual Defendants (Dkt. #281, Exhibit #5).

Requests for Production No. 16 through No. 24

BioTE seeks financial information from Individual Defendants, including profit and loss statements, balance sheets, and net worth statements. Individual Defendants objected, arguing the information is not relevant and highly personal.

The Court agrees the blanket request for financial information from Individual Defendants is highly personal and disclosure seems unnecessary. Individual Defendants are not corporations with an accounting team, but people with bank accounts and tax returns. Although there is a protective order in place, this request unnecessarily invades the Individual Defendants' privacy. BioTE will likely obtain the relevant information in response to similar productions from the corporate defendants. This is because Evexias first pays the "entity LLCs," which then pay the individuals, so any payments to Individuals Defendants will already be documented in productions by Evexias. If BioTE cannot procure this information from other means, it may send a limited and targeted request to the relevant Individual Defendants.

Requests for Production No. 39, No. 40, No. 42, and No. 43

BioTE seeks documents evidencing any money received by the Individual Defendants from Farmakeio and Farmakeio Outsourcing or from any source for compounds distributed for office use. Individual Defendants objected, arguing the information is not relevant because the only issued raised in the case relates to the pellets containing Triamcinolone.

The information is relevant because money received by Individual Defendants from Farmakeio and Farmakeio Outsourcing is directly related to the remedy of disgorgement. This

request is significantly less intrusive than Requests for Production No. 16 through No. 24 because it does not require disclosure of detailed and lengthy financial history, only evidence of any payments from Farmakeio.  As the information is relevant, the Individual Defendants are ordered to comply.

Request for Production No. 44

BioTE seeks communications, including e-mail, discussing the White Paper.  Individual Defendants objected, arguing: (1) the information is not relevant; and (2) Terri DeNeui already testified regarding the paper.

First, the information is relevant because the Defendants use the White Paper to argue the marketing campaign is not false or misleading.  Second, this request is less burdensome than previous request to Evexias and Farmakeio because it only requires individuals search through their mail and e-mail.  Individual Defendants also did not provide any argument why this request is burdensome.  Lastly, testimony is no substitute for complying with the rules of discovery.  As the information is relevant, Individual Defendants are ordered to comply.

### BioTE's Second Set of Interrogatories to Evexias

The Court addresses the disputed requests in BioTE's Second Set of Interrogatories to Evexias (Dkt. #281, Exhibit #9).

Interrogatory No. 12

BioTE seeks the identity of particular Practice Development Specialists formerly under contract with BioTE.  Evexias objected, arguing: (1) relevancy; (2) proportionality; and (3) a protective order is needed.

First, the information is relevant because the identity of Practice Development Specialists who convinced health care practitioners to switch to Evexias will enable BioTE to demonstrate the

materiality of the false advertising campaign.  Second, the request is proportional because it is a short list and the case alleges multi-million dollars in damages.  Lastly, a protective order has been entered.  As the information is relevant, proportional, and a protective order was entered, Evexias is ordered to comply.

Interrogatory No. 13

BioTE seeks the monthly revenue received by Evexias by each BioTE Practitioner from January 1, 2017, to present.  Evexias objected, arguing: (1) relevancy; (2) proportionality; and (3) a protective order is needed.

First, the information is relevant because monthly revenue goes to damages and disgorgement.  Second, the request is proportional because BioTE only limited its request to basic financial information and this is a multi-million-dollar case.  Lastly, a protective order was entered. As the information is relevant, proportional, and there is a protective order, Evexias is ordered to comply.

Interrogatory No. 15

BioTE seeks information regarding the marketing materials marked as exhibits during the Preliminary Injunction hearing, including the date of creation, the persons involved in the creation, the date the document was first made available for use, and the date the document was first used by Evexias.  Evexias objected, arguing: (1) the information is not relevant; (2) the request is not proportional to the needs of the case; (3) a protective order is needed; and (4) it does not normally maintain this information.

First, the information is relevant because details about allegedly false marketing materials may provide evidence to support BioTE's false advertising claim.  Second, the request is proportional because it is limited to the exhibits marked during the Preliminary Injunction hearing

and BioTE only requests names and dates. Third, a protective order has been entered. Lastly, even if Evexias does not normally keep this type of information, it did admit these materials as exhibits at the Preliminary Injunction hearing, so it should know some basic information about them. When composing discovery, parties are required to make an inquiry for the information before objecting. *See Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d at 448. As the information is relevant, proportional, and a protective order has been entered, Evexias is ordered to comply. If Evexias does not have this information after making a reasonable and diligent search in good faith, it should inform BioTE in its answer.

### *BioTE's Second Set of Requests for Production to Evexias*

The Court addresses the disputed requests in BioTE's Second Set of Requests for Production to Evexias (Dkt. #281, Exhibit #10).

<u>Request for Production No. 1</u>

BioTE seeks all marketing materials created on behalf of Evexias from January 1, 2017, to present. Evexias answered, contending all responsive items were previously produced. But BioTE asserts any documents previously produced were not organized, so it could not determine which documents correspond to this answer. These marketing materials are highly relevant to this case because they support the false advertising claim and whether consumers relied on Evexias's claims. Considering the importance of the marketing materials, Evexias is ordered to produce the responsive materials and identify them with proper labels so BioTE can determine which documents are directly responsive.

<u>Requests for Production No. 2 and No. 3</u>

BioTE seeks communications between Content First and Evexias between January 1, 2017, to present and communications between Authentic Web Solutions and Evexias between January

1, 2017, to present.  Evexias objected, arguing: (1) relevancy; (2) a protective order is needed; and (3) overbreadth.

First, the information is relevant because BioTE asserts Content First and Authentic Web Solutions were responsible for producing much of the marketing forming the foundation for the false advertising claim.  Second, a protective order has been entered.  Lastly, the Court agrees the request is broad because it encompasses all communications during the three-year period without regard to the issues in this case.  It could encompass information about billing for website management, which would not be relevant.  As the information is relevant and a protective order was entered, BioTE is ordered to narrow its request to communications specifically about marketing materials relevant to this case.

Requests for Production No. 4 through No. 6

BioTE seeks financial information from Evexias, including its profit and loss statement, balance sheet, and net worth statement.  Evexias objected, arguing: (1) the information is not relevant; and (2) a protective order is needed.

First, this information is directly relevant to BioTE's claim for damages and disgorgement. Evexias does not counter BioTE's claim of relevancy beyond a generic objection.  Second, a protective order has been entered.  As the information is relevant and a protective order has been entered, Evexias is ordered to comply.

Requests for Production No. 7 and No. 8

BioTE seeks the sales and per-procedure fee earned by Evexias from a specified list of practitioners who were formerly under contract with BioTE Medical and switched to Evexias. Evexias originally objected, arguing the request is vague and ambiguous, but now indicates it is prepared to produce documents showing the sales related to procedures involving pellets after the

protective order is entered.  As the protective order has been entered, Evexias is ordered to comply and BioTE may compel further disclosure if this information regarding sales is insufficient.

<u>Requests for Production No. 10 through No. 12</u>

BioTE seeks: (1) communications, either from Evexias or the Practice Development Specialists, to the list of previous BioTE Practitioners; and (2) the marketing materials provided to those BioTE Practitioners.  Evexias objected, arguing: (1) the information is not relevant; and (2) the request is not proportional to the needs of the case.  Evexias did not provide further argument on how the request is not relevant and no proportional.

First, communications soliciting EvexiPEL are relevant to this case because they may contain false statements used to support BioTE's false advertising claims.  Second, the request is proportional because this is a multi-million-dollar case and Evexias is in a better position to obtain the information than BioTE.  As the communications are relevant and Evexias did not explain how the request is disproportional, Evexias is ordered to comply.

<u>Requests for Production No. 13 and No. 14</u>

BioTE seeks documents evidencing the commissions and calculation of the commissions earned by Evexias's Practice Development Specialists for sales generated by or from the BioTE Practitioners.  Evexias objected based on relevancy and the lack of a protective order, but confusingly also writes in its response: "However, it is not limited to those related to procedures." This perplexing sentence aside, the documents are highly relevant to damages of the false advertising claim and a protective order has been entered.  As Evexias acknowledges this dispute "may be resolved by the protective order," and there is now a protective order, Evexias is ordered to comply.

Requests for Production No. 16 through No. 70

BioTE seeks documents and communications concerning the creation of the various marketing pieces that were marked as an exhibit and introduced during the Preliminary Injunction hearing. Evexias answered, contending it is producing the marketing materials and plans to produce soft copies of many of them. As Evexias has agreed to comply, the parties are encouraged to continue to work together to resolve this issue. When Evexias produces these documents, it is ordered to produce them in a labeled and organized manner so BioTE can identify which documents are responsive because the marketing pieces form the foundation of BioTE's false advertising claim.

Requests for Production No. 70 and No. 71

BioTE seeks communications, including e-mail, between the Defendants and Content First and Authentic Web Solutions regarding various exhibits introduced during the preliminary injunction hearing. Evexias objected, arguing: (1) the communications are not relevant; and (2) the request is not proportional to the needs of the case.

First, the communications are relevant because this is a false advertising case and the request seeks documents regarding the production of offending marketing materials. Second, the request is proportional because BioTE limited the request to particular exhibits from the hearing. As the communications are relevant and the request is proportional, Evexias is ordered to comply.

### *BioTE's Second Set of Requests for Production to Farmakeio (Exhibit K)*

The Court addresses the disputed requests in BioTE's Second Set of Requests for Production to Farmakeio (Dkt. #281, Exhibit #11).

Request for Production No. 1

BioTE seeks all marketing materials created on behalf of Farmakeio from January 1, 2017, to present.  Farmakeio answered, maintaining all responsive items were previously produced. Considering the importance of marketing materials, which BioTE alleges comprise the false advertising claim, Farmakeio is ordered to produce the responsive materials and identify them with proper labels so BioTE can determine which documents are responsive.

Requests for Production No. 4 through No. 6

BioTE seeks financial information from Farmakeio, including its profit and loss statement, balance sheet, and net worth statement.  Farmakeio objected, arguing: (1) the information is not relevant; and (2) a protective order is needed.  Farmakeio provides no argument in support of its objections of relevancy and proportionality.

First, this information is relevant because it is directly related to BioTE's claim for damages and disgorgement.  Second, a protective order has been entered.  As the information is relevant and a protective order has been entered, Farmakeio is ordered to comply.

Request for Production No. 7

BioTE seeks documents evidencing the sales earned from the "BioTE Practitioners" list provided.  Farmakeio objected, arguing: (1) the information is relevant; (2) the request is not proportional to the needs of the case; and (3) the phrase "evidencing the sales earned" is ambiguous.

First, the information is relevant because it is directly related to BioTE's damages claim and the remedy of disgorgement.  Second, Farmakeio does not raise any substantial argument how the request is not proportional to this multi-million-dollar case.  Lastly, despite these previous objections, the Court agrees the phrase "evidencing the sales" could be construed as ambiguous

because Farmakeio can provide several different compounds.  For example, Farmakeio asserts the request could refer to other irrelevant products like creams or IV bags.  As the phrase is ambiguous, BioTE is ordered to clarify what sales it seeks and over what period of time.

Requests for Production No. 8 and No. 9

BioTE seeks documents evidencing prescriptions or orders of hormone pellets for office use received from the BioTE Practitioners.  Farmakeio objected, arguing: (1) relevancy; (2) proportionality; and (3) the information is confidential and proprietary.

First, the information is relevant to BioTE's RICO claims because it concerns when Farmakeio shipped triamcinolone in hormone pellets and what states it shipped the pellets to for office use.  Dr. DeNeui testified that Farmakeio only included triamcinolone in pellets shipped through a prescription, so this information would challenge the testimony.  Second, Farmakeio makes no argument why the request is not proportional to the needs of this multi-million-dollar case.  Lastly, a protective order has been entered.  These findings aside, Farmakeio has agreed to produce spreadsheets identifying Farmakeio's prescriptions and fulfillments with patient names redacted if there is a protective order in place.  As this information seems sufficient to answer BioTE's request and a protective order has been entered, Farmakeio is ordered to comply by producing the spreadsheets.  If BioTE needs further information, the parties are strongly encouraged to cooperate.

Requests for Production No. 13 and No. 14

BioTE seeks documents evidencing the commissions and calculation of the commissions earned by Evexias's Practice Development Specialists for sales generated by or from the BioTE Practitioners.  Farmakeio objected, arguing: (1) relevancy; (2) proportionality; and (3) a protective order is needed.

First,  the information is highly relevant to BioTE's claim for damages and the remedy of

disgorgement.   Second, Farmakeio does not explain beyond its boilerplate objection why this

request is disproportional to the needs of the case.  Lastly, a protective order has been entered.  As

the  information  is  relevant,  Farmakeio  made  no  argument  regarding  proportionality,  and  a

protective order has been entered, Farmakeio is ordered to comply.

Requests for Production No. 15 and No. 16

BioTE seeks documents evidencing the collaboration between Farmakeio and Dr. Terri

DeNeui regarding the creation of the EvexiPEL method and the creation or formulation of the

Evexias Hormone Pellets.  Farmakeio objected, arguing the phrase "evidencing the collaboration"

is vague, but Farmakeio is willing to provide any responsive items once the request is properly

tailored.

BioTE does not provide any explanation why the phrase is not vague and Farmakeio

appears willing to comply after the parties clarify the request.  The Court orders the parties to meet

and confer on this issue in good faith.

### *BioTE's First Set of Requests for Production to Farmakeio Outsourcing (Dkt. #281)*

Farmakeio Outsourcing did not timely answer BioTE's discovery requests because of an

oversight made in good faith.   BioTE requests all of Farmakeio Outsourcing's objections be

waived, but this Court acknowledges the unjustness of waiving 105 discovery request.  In the spirit

of cooperation, Farmakeio Outsourcing is ordered to answer the requests immediately.  The parties

should meet and confer about any possible disputes and attempt to resolve those disputes on their

own, in accord with this Order's rulings on similar issues.

***BioTE's Second Set of Requests for Production to Individual Defendants***

The Court addresses the disputed requests in BioTE's Second Set of Requests for Production to Individual Defendants (Dkt. #281, Exhibit #12).

Requests for Production No. 1 through No. 6

BioTE seeks documents evidencing commissions and the calculation of commissions from Evexias Health Solutions, Farmakeio, and Farmakeio Outsourcing. Individual Defendants answered, contending "no responsive items were located" because commissions are paid to the entity LLCs. If the Individual Defendants genuinely do not have any responsive documents, there is nothing to produce. As Individual Defendants maintain they do not have any responsive items and the information likely overlaps with other ordered disclosures by Evexias, Farmakeio, and Farmakeio Outsourcing, BioTE's request is denied.

Request for Production No. 7

BioTE seeks documents evidencing communications, including e-mail, with a list of BioTE Practitioners. Individual Defendants objected, arguing: (1) the information is not relevant; (2) the request is not proportional to the needs of the case; and (3) a protective order is needed.

First, the information is relevant because this is a false advertising case and communications between the Individual Defendants and BioTE Practitioners would evidence reliance by consumers on the false marketing materials. Second, the request is proportional because BioTE limited the request to a select number of BioTE Practitioners and it should be easy for Individual Defendants to search for this information. Individual Defendants do not explain why the request is not proportional. Nor did they partially comply based on a reasonable reading of the request. Lastly, a protective order has been entered. As the information is relevant, the

request is proportional, and a protective order has been entered, Individual Defendants are ordered to comply.

Requests for Production No. 8 through No. 10

BioTE seeks profit and loss statements, balance sheets, and net worth statements. Individual Defendants objected, arguing: (1) the information is not relevant; and (2) a protective order is needed.

First, the information is relevant because evidence of sales and profit goes to BioTE's claim for damages and the remedy of disgorgement.  Second, a protective order has been entered.  But even though the information is relevant and there is a protective order, the Court agrees the personal financial of the various Individual Defendants is highly invasive and disclosure is unnecessary.   Individual Defendants assert this invasiveness is unwarranted because the information should become through Evexias's because money flows from Evexias to the "entity LLCs" before it flows to the individuals.  If BioTE learns of any new information requiring a further inquiry, it can do so in a limited and targeted request.

### BioTE's First Set of Requests for Production to Dr. DeNeui

The Court addresses the disputed requests in BioTE's First Set of Requests for Production to Farmakeio (Dkt. #281, Exhibit #14).

Requests for Production No. 1 and No. 2

BioTE seeks documents evidencing Dr. DeNeui's collaboration with Farmakeio and Farmakeio Outsourcing regarding the creation of the EvexiPEL method.  Dr. DeNeui answered, contending no responsive documents exist in his possession.  Dr. DeNeui also argues meeting and conferring would be useful for resolving this request.  As BioTE believes marketing materials exist

and Dr. DeNeui is unclear what is being requested, the parties are ordered to meet and confer to resolve this issue because the alleged documents do appear relevant to the litigation.

Requests for Production No. 5 through No. 7

BioTE seeks communications between Dr. DeNeui, Justin Graves, and third parties named and not named in this lawsuit regarding the White Paper.  Dr. DeNeui objected, arguing: (1) the information is not relevant; and (2) the request is not proportional to the needs of the case.

First, communications regarding the White Paper are relevant because the White Paper forms the basis for BioTE's false advertising claims and BioTE seeks information regarding its creation and legitimacy.  Second, the information is proportional because BioTE limited the request to communications involving Dr. DeNeui.  Dr. DeNeui does elaborate on the relevancy and proportionality objections in the response, aside from arguing that the sole issue in this case is the White Paper's methodology.  As the communications could provide evidence about the methodology, Dr. DeNeui is ordered to comply.

## CONCLUSION

This Motion could have been avoided through party cooperation.  Instead, the Court adjudicated 221 individual discovery requests.  Moving forward, the parties are strongly encouraged to work together.  It is therefore **ORDERED** that BioTE's Motion to Compel (Dkt. #281) is **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that the parties shall comply with this Order within **fourteen days.**

**SIGNED this 1st day of February, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

33